UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| GARY DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 09-202-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Gary Durham and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10, 11] Durham argues that the administrative law judge (ALJ) erred in finding that he is not disabled. He seeks to have this matter remanded for an award of benefits or further factual findings on the issues raised in his summary judgment motion. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny Durham's motion.

**I.**

On August 22, 2006, Durham filed applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income (SSI) under Title XVI of the Act. He alleged a disability beginning October 15, 2003. [Tr., p. 112] Durham's claims

were denied initially and upon reconsideration. [Tr., p. 65-68] A hearing was held before ALJ Frank Letchworth on November 1, 2007, in Middlesboro, Kentucky. Durham appeared at the hearing along with his attorney, Stacy Byrns-Taulbee, and vocational expert (VE) Katherine Bradford. [Tr., p. 25] In a decision dated December 20, 2007, ALJ Letchworth found that Durham was not disabled under §§ 216(i) and 223(d) of the Social Security Act and thus was not entitled to disability insurance benefits. [Tr., p. 24] The ALJ further found that Durham was not entitled to SSI because he was not disabled under § 1614(a)(3)(A) of the Act. [*Id.*]

Durham was forty-eight years old at the time of the administrative hearing. [Tr., p. 29] He has an eighth-grade education and work experience doing maintenance and remodeling, including masonry and electrical wiring. [Tr., p. 32-35] Durham's alleged disability stems from back pain and a history of heart attacks. [Tr., p. 111] After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Durham suffered from the severe impairments of moderate degenerative changes at C3-6, mild chronic obstructive pulmonary disease (COPD), and mild to moderate depression. [Tr., p. 18] However, notwithstanding these impairments, the ALJ found that Durham retained the residual functional capacity (RFC) "to perform medium work except he can only occasionally climb ladders/ropes/scaffolds and crawl. He can perform no jobs in which reading is an essential job element. He can perform no work involving concentrated exposure to pulmonary irritants, no temperature extremes, or excessive humidity." [Tr., p. 20] As a result of this assessment, Durham was denied disability insurance benefits and SSI. [Tr., p. 24]

**II.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, the claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual functional capacity and relevant past

work to determine whether he can do past work.  If he can, he is not disabled.  20 C.F.R. §

404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing

past work, the Commissioner will consider his RFC, age, education, and past work experience

to determine whether he can perform other work.  If he cannot perform other work, the

Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g).

The Commissioner has the burden of proof only on "the fifth step, proving that there is work

available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276

F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir.

1999)).

Judicial review of the denial of a claim for social security benefits is limited to

determining whether the ALJ's findings are supported by substantial evidence and whether the

correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.

2007).  The substantial evidence standard presupposes that there is a zone of choice within which

decision makers can go either way, without interference from the court. *McClanahan v. Comm'r

of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).  Substantial evidence is such relevant evidence

as a reasonable mind might accept as sufficient to support the conclusion.  *Richardson v.

Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even

if the Court would decide the case differently and even if the claimant's position is also

supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir.

2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

### III.

Durham's primary contention is that the ALJ gave insufficient weight to the opinion of his treating psychiatrist, Dr. Arkadiev.  He also maintains that the ALJ failed to consider the cumulative effect of his medical problems, as well his testimony regarding the severity of his impairments.  Finally, Durham makes a number of conclusory arguments relating to various factors he contends were not given sufficient consideration by the ALJ.  Each of Durham's arguments is addressed below.

### A.      Opinion of Dr. Arkadiev

Durham argues that "[t]he most significant error" in the ALJ's decision was not giving greater weight to the opinion of his treating psychiatrist, Dr. Vasilli Arkadiev.  [Record No. 10, p. 4]  A treating source's opinion as to the nature and severity of a claimant's impairment(s) will be given controlling weight provided it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers*, 486 F.3d at 242 (internal quotation omitted) (alteration in original).  If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Id.*  These reasons must be "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's

medical opinion and the reasons for that weight.'" *Id.* (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

Dr. Arkadiev began treating Durham for symptoms of depression in April 2007.  [Tr., p. 389]  On October 30, 2007, Dr. Arkadiev completed a Mental Impairment Questionnaire in which he indicated that Durham suffered from a number of serious mental impairments that would severely limit his ability to work.  [Tr., p. 389-92]  However, the ALJ gave little weight to this "check box list" opinion — as well as to an intelligence assessment performed by psychologist Timothy Baggs — because he found them to be inconsistent with the other evidence in the record, including Durham's history of skilled employment and Global Assessment of Functioning (GAF) scores of 55-60, as evaluated by Dr. Arkadiev.  [Tr., p. 22-23, 389]  ALJ Letchworth also noted that the record showed Durham had missed appointments with Dr. Arkadiev "with no reason given" and that this "allow[ed] the inference [that] the claimant's condition is not as severe as alleged."  [Tr., p. 23]

The ALJ considered numerous other factors in concluding that Durham's mental impairments did not warrant a finding of disability.  Specifically, ALJ Letchworth found that

> [i]n activities of daily living, the claimant has mild to moderate restriction.  He takes care of his personal needs, grocery shops, prepares simple meals, [does] laundry [and] "light" household chores, and goes out alone.  In social functioning, the claimant has mild to moderate difficulties.  The claimant talks to a friend daily.  Further, the record indicates he retains the capacity to interact appropriately and communicate effectively with others.  The claimant is able to function in an appropriate manner in the public domain in such places as doctor's offices, grocery stores, Social Security offices, and other facilities.  The [ALJ] carefully observed that the claimant demonstrated no abnormal social behaviors during the hearing, and he was able to understand and follow the hearing proceedings and all lines of questioning.  With regard to concentration, persistence or pace, the claimant has mild to moderate difficulties.  The claimant

drives, watches television with no indication of difficulty following the story, and manages money/medications.   As for decompensation, the claimant has experienced no episodes of decompensation.

[Tr., p. 19-20]

The record clearly supports the ALJ's findings with regard to Durham's mental functioning.  For example, in September 2006, Durham reported that he was able to prepare his own meals, do laundry and light cleaning, shop for groceries, and pay bills.  [Tr., p. 131-32]  At the hearing in November 2007, Durham testified that he regularly drives himself to a friend's house to visit for a couple hours.  [Tr., p. 38]  This and other evidence — including the GAF scores reported in the same questionnaire — contradicts Dr. Arkadiev's assessment of Durham's mental impairments and supports the ALJ's decision to accord little weight to that assessment. *See Rogers*, 486 F.3d at 242.  In sum, ALJ Letchworth's conclusion regarding the weight to be given Dr. Arkadiev's opinion is supported by substantial evidence, and he gave "good reasons" for this conclusion in his decision.  *See id.*

### B.      Combined Effect of Impairments

Durham also argues that the ALJ did not consider the cumulative effect of his impairments.  [Record No. 10, p. 5]  The ALJ is required to consider the combined effect of all the claimant's impairments in determining whether the claimant is disabled.  20 C.F.R. § 404.1523; 20 C.F.R. 416.923.  The Sixth Circuit has held that "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d

1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592

(6th Cir. 1987)).

ALJ Letchworth made a specific finding that Durham "does not have an impairment *or*

*combination of impairments* that meets or medically equals one of the listed impairments" in the

applicable regulations. [Tr., p. 19 (emphasis added)] He also made multiple references in his

decision to Durham's "impairments" (plural) and discussed each impairment in detail. [Tr., p.

18-23] Moreover, the ALJ incorporated the limitations imposed by Durham's impairments when

posing hypotheticals to the vocational expert during the November 2007 hearing.

> The ALJ posed the following scenarios to the VE:
>
> First hypothetical. Assume the Claimant is capable of medium exertion. Assume
> the Claimant is capable of performing occasional climbing of ladders, ropes, or
> scaffolds, occasional crawling. Would the Claimant be capable of performing
> past relevant work?
> . . . .
> Second hypothetical. Assume the Claimant, in addition to the first restrictions,
> can perform no job in which reading is an essential job element. Would that
> [a]ffect the answer to the first hypothetical?

[Tr., p. 47-48] The ALJ then asked whether, considering Durham's age, marginal literacy, and

work experience "in addition to the second set of restrictions," there were jobs in the regional

and national economies that he could perform. [Tr., p. 48] The ALJ next posed a hypothetical

that took into account Durham's pulmonary impairment:

> No concentrated exposure to pulmonary irritants, no exposure to extreme hot or
> cold temperatures or excessive humidity. Would that [a]ffect the answer to the
> prior hypothetical?

[Tr., p. 49] Finally, the ALJ asked a question that incorporated the extensive mental impairments

set forth in Dr. Arkadiev's opinion. [Tr., p. 49-50, 391-92]

The hypotheticals posed to the VE clearly indicate that ALJ Letchworth considered the cumulative effect of Durham's impairments, as each hypothetical incorporated the limitations imposed by one of Durham's impairments in addition to the restrictions contained in the previous hypotheticals.[1]   [*See* Tr., p. 48-49]   Moreover, the ALJ's specific finding that Durham's combination of impairments did not meet or equal a listed impairment was sufficient under Sixth Circuit law.  *See Loy*, 901 F.2d at 1310.

### C.    Durham's Testimony

Durham asserts that his testimony was not considered by the ALJ.  [Record No. 10, p. 5-6]  The Court finds this argument to be without merit.  The ALJ's decision contains several references to Durham's testimony.  In fact, ALJ Letchworth's conclusions regarding the severity of Durham's impairments were based in part on Durham's testimony at the November 2007 hearing, including his characterization of his level of pain as a "three" and his statement that he takes only Tylenol and Advil for relief.  [Tr., p. 22]  The ALJ also considered Durham's testimony regarding breathing difficulties due to his pulmonary impairment.  However, ALJ Letchworth noted that "[t]he record is . . . devoid of any medical treatment for COPD" and observed that Durham's credibility as to any alleged disability related to his pulmonary impairment was damaged by his "[c]ontinued smoking against medical advice."[2]  [*Id.*]  Further, the ALJ weighed Durham's testimony regarding his depression, noting that although Durham attributed the depression in part to having to constantly care for his elderly mother, "at the

---

1    For this reason, Durham's fleeting contention that the hypotheticals were not "reasonably based upon the substantial evidence within the record" also fails.  [*See* Record No. 10, p. 5]

2    Durham testified at the hearing that he smokes "about a pack a day."  [Tr., p. 45]

hearing [he] testified that he drives to a friend's house to stay a few hours. . . .  He testified also

that siblings living nearby . . . help to care for her."[3]  [Tr., p. 19]

Based on Durham's own testimony and other evidence in the record, as well as the ALJ's

personal observations of Durham during the November 2007 hearing, ALJ Letchworth

concluded that Durham's "statements concerning the intensity, persistence[,] and limiting effects

of [his] symptoms are not entirely credible."  [Tr., p. 22]  While "[a] subjective assessment of

pain symptoms is relevant to determining whether a claimant suffers from a disability," such

complaints are not conclusive evidence that the claimant is disabled.  *Warner v. Comm'r of Soc.*

*Sec.*, 375 F.3d 387, 392 (6th Cir. 2004).  Moreover, in weighing the complaints, an ALJ may

consider the claimant's credibility and may discount that credibility to the extent there are

"contradictions among the medical reports, claimant's testimony, and other evidence."  *Id.*

(quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (internal quotation

marks omitted)).

Here, ALJ Letchworth determined that Durham's claims as to the extent of his

impairment were contradicted not only by the evidence in the record, but also by Durham's own

testimony regarding his daily activities and his treatment of his symptoms.  [Tr., p. 22]  In fact,

Durham's testimony concerning the severity of his symptoms was internally inconsistent.  When

asked to describe his back problems, he offered, "If I put my pain level on a pain scale of every

day of just the way I am now, it stays about a three."  [Tr., p. 40]  The fact that Durham's

---

3       When asked whether he had "to look after [his mother] to some extent," Durham replied, "Some, not much, because my older brothers and my other sisters come in and help a lot."  [Tr., p. 35]  He also stated, in response to the ALJ's question about what he does to help his mother, "I mostly just sit and watch. . . . Make sure she doesn't fall, that's it."  [Tr., p. 36]

statements regarding the extent of his impairments were not ultimately credited does not mean that his testimony was not considered.  To the contrary, the ALJ's decision reflects that he carefully weighed Durham's testimony in reaching the conclusion that Durham was not disabled.

### D.      Ability to Hold a Job for a Significant Period of Time

Durham cites a Ninth Circuit case, *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same.  It also requires the ability to hold the job for a significant period of time." [Record No. 10, p. 6]  He complains that the ALJ erred in failing to consider this case.  However, this Court has considered *Gatliff* on a number of occasions and repeatedly rejected any suggestion of a separate durational requirement.  *See Johnson v. Astrue*, No. 08-298-JBC, 2009 U.S. Dist. LEXIS 71516, at *7-*8 (E.D. Ky. Aug. 10, 2009); *Wilder v. Astrue*, No. 08-108-KSF, 2009 U.S. Dist. LEXIS 20170, at *18 (E.D. Ky. Mar. 12, 2009); *Garland v. Astrue*, No. 07-181-DLB, 2008 U.S. Dist. LEXIS 45270, at *16 (E.D. Ky. June 10, 2008).  Instead, the Court assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland*, 2008 U.S. Dist. LEXIS 45270, at *16.  Thus, the RFC set out in ALJ Letchworth's decision reflected his determination of the type of work Durham could perform for a significant period of time. *See id.*

In any event, Durham does not argue that he is unable to hold a job for a significant period of time – he merely notes that *Gatliff* "was not considered by the ALJ." [Record No. 10, p. 6]  The Court is not obligated to develop a claimant's arguments for him.  *See Hollon v.*

*Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006).  This issue thus does not warrant further analysis.

> **E.   ALJ's Consideration of Durham's Restrictions, Treating Sources, and Medical Evidence**

Durham's conclusory assertions that the ALJ failed to consider his "numerous exertional and non-exertional restrictions . . . and the pain associated with these restrictions" and that "the treating records have been completely ignored for purposes of the ALJ decision" are likewise unsupported by Durham's brief and by the record.  [Record No. 10, p. 6]  As discussed above, ALJ Letchworth clearly acknowledged Durham's limitations in the hypotheticals posed to the vocational expert at the November 2007 hearing.  He then incorporated those limitations into Durham's RFC, which provided, *inter alia*, that Durham cannot perform jobs that require reading or that might aggravate his pulmonary impairment.  [Tr., p. 20]

Other than Dr. Arkadiev's opinion which is addressed above, Durham does not identify any medical evidence he believes was disregarded by the ALJ.  Moreover, Durham does not explain "how such [evidence] might be impermissibly inconsistent with the ALJ's findings." *Hollon*, 477 F.3d at 491.  Instead, he makes repeated vague references to his "severe problems" and "severe pain."  [Record No. 10, p. 4-6]  The Court will not engage in a fishing expedition for evidence to support Durham's broad assertions.  *Hollon*, 477 F.3d at 490-91.  ALJ Letchworth discussed the medical evidence at length in his decision, and he explained the weight he gave to various opinions.  [Tr., p. 18-19, 22-23]  The decision he reached after considering those opinions is supported by substantial evidence.

**IV.**

Although Durham has established that he suffers from some medical impairments, he has not established that his symptoms are severe enough to warrant Supplemental Security Income or disability insurance benefits.  The ALJ did not err in giving little weight to the opinion of Dr. Arkadiev.  Moreover, the ALJ gave sufficient consideration to the combined effect of Durham's impairments, as well as Durham's testimony regarding the severity of his impairments.  Viewing the record as a whole, substantial evidence supports ALJ Letchworth's determination that Durham is not disabled.  Accordingly, it is hereby

**ORDERED** as follows:

(1)     Plaintiff Gary Durham's Motion for Summary Judgment [Record No. 10] is **DENIED**;

(2)     Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 22nd day of February, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge